IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN L. RUSSELL,

      Plaintiff,

                                 CIVIL ACTION
  vs.                             No. 11-3088-SAC

SCOTT MICHAEL PROFFITT, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner proceeding pro se, seeks leave to proceed in forma pauperis.

Plaintiff's motion to proceed in forma pauperis is governed by 28 U.S.C. § 1915. Section 1915(a)(1) requires a prisoner seeking to bring a civil action without prepayment of fees to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements. Section 1915(a)(2) requires an inmate also to submit a certified copy of the inmate's institutional account for the six months immediately preceding the

filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated. Plaintiff has not yet submitted this information and will be directed to supplement the record with a current financial statement[1].

Plaintiff states defendant Proffitt, a Kansas Highway Patrol trooper, pulled him over in November 2010. He claims the stop was a result of racial profiling and discrimination, and he seeks monetary damages.

In support of his claim of profiling, plaintiff states he was stopped because his passenger was an African-American. In support of his claim of discrimination, he states he was pulled over in 2005 when lighting a cigarette, and the same trooper claimed he was lighting what appeared to be a controlled substance. He says he knows he was targeted in November 2010 because he is an African-American and was traveling on back roads.

The court must screen the complaint because plaintiff is a prisoner who is suing governmental employees. *See* 28 U.S.C. §1915A(b)(requiring initial screening for civil actions brought by prisoners against governmental employees).

---

[1] While the complaint in this matter states plaintiff was unable to obtain a financial statement from jail authorities, he has since reported a change to state custody.

Because plaintiff proceeds pro se, the court liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110, n. 3 (10th Cir. 1991)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, the court cannot serve as plaintiff's advocate and cannot create arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 850 (10th Cir. 2005).

A plaintiff commencing a civil action has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)).

Here, plaintiff presents only bare claims of racial profiling and discrimination. He provides no details, such as how or when the incident occurred or support for his personal belief that the stop was based upon an improper motive.

Likewise, plaintiff makes no specific allegation against the defendant Kansas Highway Patrol, and he must clarify his complaint to explain any claim against that entity.

In order to state a claim for relief under § 1983, plaintiff must allege the violation of a federal right secured by the Constitution, laws, or treaties of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[C]laims asserting selective enforcement of a law on the

basis of race are properly brought under the Equal Protection Clause, and... the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003).

"The equal protection clause provides that '[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws.'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006)(quoting U.S. Const. amend. XIV, § 1). "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)).

A plaintiff asserting a claim of racial profiling must show "that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall,* 345 F.3d at 1167, 1168.

Plaintiff has not provided any allegations that support the elements of racial profiling or discrimination. Accordingly, this matter is subject to dismissal for failure to state a claim for relief unless plaintiff provides an amended complaint with specific factual support for his claims. The court will grant plaintiff an opportunity to amend the complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including July 25, 2011, to submit a certified financial statement from the facility where he is incarcerated in support of his motion for leave to proceed in forma pauperis.

IT IS FURTHER ORDERED plaintiff is granted to and including July 25, 2011, to amend his complaint to provide allegations in support of his claims of racial profiling and discrimination and to clarify his claim against the Kansas Highway Patrol. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of June, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge